UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER OCASIO,            )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>vs.                                        )<br>                                              )<br>THE EIGHTH JUDICIAL DISTRICT )<br>COURT OF CLARK COUNTY, NEVADA,)<br>                                              )<br>            Defendant.           )<br>_____) | 3:09-cv-00168-LRH-VPC<br><br>**ORDER** |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Application to Proceed *in Forma Pauperis* (Docket #1) and civil rights complaint (Docket #1-2). The Court has screened the complaint and finds that it must be dismissed.

**I.     Application to Proceed *In Forma Pauperis***

Based on the information regarding the plaintiff's financial status in the application to proceed *in forma pauperis* (#1), the Court will grant plaintiff leave to proceed *in forma pauperis,* without requiring plaintiff to pay an initial installment of the filing fee. The entire $350 filing fee will, however, remain due from the plaintiff, and the institution where the plaintiff is incarcerated will collect money toward the payment of the full filing fee when the plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $350 filing fee will remain due and payable, and will be collected from the plaintiff's institutional account regardless of the outcome of this action.

///

**II.      Screening Standard Pursuant to 28 U.S.C. § 1915A**

The Court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  Screening of Complaint

Plaintiff brings this action against the Eighth Judicial District Court of Clark County, Nevada for violation of his First, Fifth, and Fourteenth Amendment rights.  Plaintiff claims that the Eighth Judicial District Court obtained jurisdiction of the plaintiff's criminal prosecution from the Las Vegas Justice Court, but that Judge Gerry Zobrist falsified the justice court records thereby violating the plaintiff's rights to due process, equal protection, and access to the courts.  Plaintiff seeks declaratory and injunctive relief.

Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).  Plaintiff cannot maintain an action against the Eighth Judicial District Court under § 1983.  Thus, Plaintiff's claim must be dismissed.

### IV.  Conclusion

Because the Court finds that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #83401), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Filing Fee (#1-3) is **DENIED** as moot.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and **ENTER JUDGMENT ACCORDINGLY.**

DATED this 28th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE